**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Rivero-Tapanes, | No. CV-26-01542-PHX-RM (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, | |
| Respondent. | |

Petitioner Rafael Rivero-Tapanes challenges his immigration detention pursuant to 28 U.S.C. § 2241.  (Doc. 3.)  Respondent filed a Response on March 12, 2026.  (Doc. 12.) Petitioner filed a pro se Reply (Doc. 20), and then through counsel filed an Amended Reply (Doc. 35).

## I.     Background

Petitioner is a native and citizen of Cuba who legally entered the United States in 1992 and became a lawful permanent resident in 1993.  (Doc. 3 at 4; Doc. 12 at 2; Doc. 12-1 at 2.)  According to Respondent, Petitioner was convicted of attempted murder in the second degree with a firearm on October 6, 2004.  (Doc. 12 at 2; Doc. 12-1 at 3.)  In April 2013, Petitioner was detained by immigration authorities at the Miami International Airport.  (Doc. 3 at 4; Doc. 12 at 2; Doc. 12-1 at 2.)  He was charged on April 25, 2013, with inadmissibility under § 212(a)(2)(A)(i)(1) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(2)(A)(i)(1)), as an alien convicted of a crime involving moral turpitude. (Doc. 12 at 2; Doc. 12-1 at 3.)  An immigration judge issued an order of removal that

became final on June 10, 2013, with Cuba as the designated country of removal.  (Doc. 12 at 2: Doc. 12-1 at 3.)  Petitioner was detained for 90 days and then released on an Order of Supervision on September 9, 2013.  (Doc. 12 at 2; Doc. 12-1 at 3; Doc. 35 at 2.)

Petitioner avers that he complied with all conditions of supervision (Doc. 3 at 3-4), and Respondent does not contend otherwise.  On November 25, 2025, Petitioner was detained when he appeared for a scheduled Immigration and Customs Enforcement ("ICE") check-in.  (*Id.*; Doc. 12 at 2; Doc. 12-1 at 3.)  A Notice of Revocation of Release dated November 25, 2025, states that Petitioner's release was revoked because "[i]t is appropriate to enforce [Petitioner's] removal order."  (Doc. 12-2 at 2.)  Petitioner has been detained since November 25, 2025 (Doc. 3 at 4), and he has been transferred among multiple detention facilities (Doc. 12-1 at 3; Doc. 35 at 2).

Respondent states that Petitioner was provided a Notice of Removal to Mexico on January 20, 2026.  (Doc. 12 at 2; Doc. 12-1 at 3.)  Respondent further states, without explanation, that, on March 3, 2026, Petitioner failed to comply with his removal to Mexico.  (Doc. 12 at 3; Doc. 12-1 at 4.)

At the time he filed the operative Amended Petition in this case, Petitioner was confined in the Eloy Federal Contract Facility in Arizona.  (Doc. 1.)  However, Petitioner's counsel avers in the Amended Reply that Petitioner has since been transferred back to a detention facility in Florida formally called the Florida Soft Side South but commonly referred to as "Alligator Alcatraz."  (Doc. 35 at 1-2.)

## II.    Discussion

In his Amended § 2241 Petition, Petitioner challenges his re-detention without a showing of changed circumstances, and challenges his prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (Doc. 3.)  He also alleges that his continued detention is placing his health at serious risk and causing severe hardship to his U.S.-based family, including his minor daughter for whom he is the primary parent and financial provider.  (*Id.* at 2, 4, 7.)

In his Response, Respondent contends that Petitioner's detention is lawful under

*Zadvydas* because Petitioner's removal to Mexico is reasonably foreseeable and his noncooperation reset the 90-day removal period under 8 U.S.C. § 1231(a)(2)(A).  (Doc. 12 at 4-6.)  Respondent also contends that Petitioner's Order of Supervision was properly revoked.  (*Id.* at 1.)

In the Amended Reply, Petitioner argues that the six-month presumptively reasonable detention period under *Zadvydas* runs from the date of Petitioner's final removal order, regardless of whether Petitioner was detained during that period.  (Doc. 35 at 6-7.)  Petitioner further argues that there is no significant likelihood of his removal to Mexico or any other third country in the reasonably foreseeable future.  (*Id.* at 7-12.)  Petitioner argues that, assuming Petitioner refused to sign a document agreeing to be removed to Mexico, Respondent cites no authority supporting the proposition that ICE may detain an individual until that individual agrees to be removed to a third country.  (*Id.* at 12-13.)  Finally, Petitioner argues that his re-detention without an opportunity to be heard violated his due process rights and the applicable regulations.  (*Id.* at 13-19.)

### A. Jurisdiction

Habeas jurisdiction lies in the district of confinement.  *Doe v. Garland*, 109 F.4th 1188, 1198 (9th Cir. 2014).  When the government moves a habeas petitioner after a petition naming the petitioner's immediate custodian is properly filed, the district court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

Petitioner filed his original § 2241 Petition in the Middle District of Florida, but he did not properly name a respondent until he filed the operative Amended Petition.  (See Docs. 1, 3, 5.)  At the time Petitioner filed the Amended Petition, he was detained in Arizona, and he named as Respondent the Warden of the Eloy Federal Contract Facility.  (Doc. 3.)  Accordingly, the case was transferred from the Middle District of Florida to the District of Arizona.  (Doc. 5.)  Petitioner's subsequent transfer back to Florida did not destroy this Court's jurisdiction over the Amended Petition.  *See Rumsfeld*, 542 U.S. 426,

441 (2004).

### B. Detention in Violation of *Zadvydas*

After the entry of a final removal order, there is a 90-day period during which the alien ordered removed must be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A). If removal does not occur during the 90-day period, further detention is statutorily authorized under certain conditions. 8 U.S.C. § 1231(a)(6). However, such detention is permissible only during "a period reasonably necessary to bring about th[e] alien's removal from the United States"; indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689. In *Zadvydas*, the Court held that detention beyond the 90-day removal period is presumptively reasonable for up to 6 months. 533 U.S. at 701. The 6-month presumptively reasonable period includes the 90-day statutory removal period. *Ma v. Ashcroft*, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001). "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. If the Government fails to do so, the alien should be released. *See id.*

Here, Petitioner's final order of removal is dated June 10, 2013. The 6-month presumptively reasonable removal period began running on that date. *See Tran v. Bondi*, No. C25-01897-JLR, 2025 WL 3140462, at *3 (W.D. Wash. Nov. 10, 2025); *Tadros v. Noem*, No. 25CV4108 (EP), 2025 WL 1678501, at *3 (D.N.J. June 13, 2025). Immigration authorities have had nearly 13 years to remove Petitioner, and they have failed to do so. Because well over six months have elapsed since the entry of Petitioner's final order of removal, and Petitioner provides good reason to believe his removal is not reasonably foreseeable, Respondent bears the burden of rebutting that showing. *Zadvydas*, 533 U.S. at 701. Respondent has failed to do so.

Nothing in the record indicates there is a significant likelihood of removal to Petitioner's designated country of removal, Cuba, in the reasonably foreseeable future. An alien may be removed to a third country "with a government that will accept the alien into the country's territory" if removal to a country in which the alien was born, has a residence,

or is a citizen "is impracticable, inadvisable, or impossible."  8 U.S.C. § 1231(b)(1)(C). Respondent argues that Petitioner's removal to Mexico is reasonably foreseeable because Petitioner received a Notice of Removal to Mexico on January 20, 2026, he will be held at an ICE field office along the Southwest border that processes third-country removals to Mexico, and he will be immediately transported to a port of entry for removal to Mexico following final acceptance by Mexico's Instituto Nacional de Migracion.  (Doc. 12 at 5.) But there is no evidence in the record that Mexico has, in fact, agreed to accept Petitioner. Moreover, Respondent concedes that efforts to remove Petitioner to Mexico were "halted" on March 3, 2026.  (Doc. 12 at 6.)  Petitioner has since been transferred back to Alligator Alcatraz in Florida.  (Doc. 35 at 1.)  Accordingly, the record does not support that there is a significant likelihood of removal to Mexico in the reasonably foreseeable future.

Respondent identifies no other third country that has agreed to accept Petitioner. On April 1, 2026, the Court granted a Motion for Limited Discovery in which Petitioner sought specified documents, including any and all requests from ICE to any diplomatic representative of any third country pertaining to travel documents that would facilitate Petitioner's removal to that third country.  (Doc. 25 at 3; Doc. 29.)  Petitioner's counsel avers that no such documents were disclosed.  (Doc. 35 at 12.)  No evidence in the record supports a finding that there is a significant likelihood of Petitioner's removal to any third country in the reasonably foreseeable future.

Respondent argues that Petitioner is currently detained under the 90-day mandatory detention period of 8 U.S.C. § 1231(a)(1)(A), because his failure to comply with removal efforts on March 3, 2026, re-set the 90-day period.  (Doc. 12 at 4-6.)  In support of this argument, Respondent relies on *Pelich v. Immigration and Naturalization Service*, 329 F.3d 1057 (9th Cir. 2003); *Lema v. Immigration and Naturalization Service*, 341 F.3d 853 (9th Cir. 2003); and *Diouf v. Mukasey*, 542 F.3d 1222 (9th Cir. 2008).

The 90-day removal period of § 1231(a)(1)(A) "shall be extended . . . and the alien may remain in detention during such extended period if the alien . . . acts to prevent the alien's removal[.]"  8 U.S.C. § 1231(a)(1)(C).  "[I]t is the burden of the government to

document the conduct that extends the removal period under § 1231(a)(1)(C)." *Diouf v. Mukasey*, 542 F.3d 1222, 1231 n.4 (9th Cir. 2008).  Here, Respondent has failed to provide any explanation of how Petitioner failed to cooperate with his removal on March 3, 2026. Furthermore, even though the Court ordered Respondent to support his Response with "documentary evidence including, if applicable, affidavits made by individuals with personal knowledge of the factual statements made therein" (Doc. 9 at 2), Respondent submitted only an affidavit by a Deportation Officer who reviewed Petitioner's records, rather than an affidavit by an individual with personal knowledge of Petitioner's alleged failure to cooperate with his removal.  The Court finds that Respondent has failed to meet his burden of showing that Petitioner's conduct extended the removal period pursuant to § 1231(a)(1)(C).

Furthermore, even assuming, as does Petitioner's counsel, that Petitioner refused to sign a document agreeing to his removal to Mexico, such conduct is not remotely similar to the obstructionist conduct at issue in the cases on which Respondent relies.  In *Pelich*, the alien refused to fill out a passport application and provided immigration authorities conflicting information regarding his name and identity.  329 F.3d at 1059.  In *Lema*, the alien misrepresented his nationality and refused to provide immigration authorities with nationality documents for purposes of obtaining a passport.  341 F.3d at 855.  In *Diouf*, an alien released on bond failed to report as instructed for removal.  542 F.3d at 1225-1226. Here, in contrast, it appears that Petitioner merely refused to affirmatively agree to his removal to a third country to which he has no ties.  Furthermore, the 90-day removal period under § 1231(a)(1)(A) expired in Petitioner's case on September 8, 2013—over 12 years before the lack of cooperation of which Respondent complains.

Petitioner was detained for approximately three months after issuance of his final order of removal in 2013, and his current detention exceeds five months, with no evidence supporting a significant likelihood of removal in the reasonably foreseeable future.  The Court finds that Petitioner is entitled to release under *Zadvydas*.[1]

---

[1] Because the Court finds that Petitioner is entitled to relief under *Zadvydas*, the Court need not reach Petitioner's alternative arguments concerning the revocation of his Order of

Given that the only named Respondent is the Warden at Petitioner's previous detention facility, and Petitioner is now detained in a facility outside this district, the question becomes to whom the Court can direct relief.  Rule 19(a)(1) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties[.]"  Fed R. Civ. P. 19(a)(1)(A) (emphasis added); *see also Silveyra v. Moschorak*, 989 F.2d 1012, 1015 n.3 (9th Cir. 1993) ("[D]ismissal is not the appropriate remedy where the party is subject to the jurisdiction of the district court. Instead, district courts may order the joinder of such parties pursuant to Fed. R. Civ. P. 19(a)"), *superseded on other grounds as rec'd in Campos v. I.N.S.*, 62 F.3d 311 (9th Cir. 1995).  Similarly, Rule 20(a)(2) provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Finally, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.

Therefore, in order to ensure complete relief, the Court will join Department of Homeland Security Secretary Markwayne Mullin and Acting Attorney General Todd Blanche as Respondents to this action.

**IT IS ORDERED**:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 3) is **granted**.

2. The Clerk of Court is directed to join as Respondents Department of Homeland Security Secretary Markwayne Mullin and Acting Attorney General Todd Blanche.

3. Respondent shall **immediately** release Petitioner from custody under the same conditions that existed prior to his re-detention.

---

Supervision.

4. Respondent shall file a notice of compliance within **two (2) days** of releasing Petitioner.

5. The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

Dated this 26th day of May, 2026.

_____
Honorable Rosemary Márquez
United States District Judge